IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE WOLF, DELORES BERMAN, I-SHUN CHOW KIMCHI CHOW, GRASSHILL LAND, INC., BRADY HEATH, THERESA HEATH, STEVEN A. NEWELL, MARILYN CADREAU NEWELL, TAMSO PROPERTIES, LLC, JKR LASER INVESTMENT, LLC, SURFER BEACH, LLC, and TO BE DETERMINED, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LORAL LANGEMEIER and, LIVE OUT LOUD, INC.,<br><br>　　　　Defendants. | 2:09-cv-3086-GEB-EFB<br><br>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |

　　　　The November 6, 2009, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for March 1, 2010, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

1

Plaintiffs are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on March 8, 2010, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiffs or their counsel is at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on March 29, 2010, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen days prior to the status conference.

IT IS SO ORDERED.

Dated: February 24, 2010

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).