IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE WOLF; DOLORES BERMAN; BRADY HEATH; TERESA HEATH; STEVEN A. NEWELL; MARILYN CADREAU NEWELL; TAMSCO PROPERTIES, LLC; JKR LASER INVESTMENT, LLC; SURFER BEACH, LLC; and TO BE DETERMINED, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LORAL LANGEMEIER and LIVE OUT LOUD, INC.,<br><br>Defendants.* | 2:09-cv-03086-GEB-EFB<br><br><u>ORDER DENYING PLAINTIFFS' MOTION TO REVISE ORDER STAYING LITIGATION PENDING ARBITRATION AND DENYING MOTIONS FOR SANCTIONS**</u> |

Plaintiffs move under Federal Rule of Civil Procedure ("Rule") 54(b) and the Court's inherent authority for an order that would revise the Order filed August 24, 2010 ("August 24 Order"). The August 24 Order granted Defendants' motion in which they sought to stay this action pending arbitration. Plaintiffs argue revision of the August 24 Order is

---

\* The caption has been amended to reflect the voluntary dismissals filed November 30, 2010. (ECF Nos. 38-40.)

\*\* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

required since "defendants committed fraud on the court" when obtaining the August 24 Order. (Notice of Mot. 2:6-13.) Defendants counter that "Plaintiffs' entire motion is based on assumptions." (Opp'n 1:2.)

Also pending is Defendants' sanctions motion against Plaintiffs' counsel, argued under Rule 11(b). Defendants contend their Rule 11(b) motion should be granted since "plaintiffs were aware there was no legal or factual basis for their motion for reconsideration, yet still filed said motion." (Notice of Mot. for Sanctions 1:7-10.) Plaintiffs replied with a sanctions motion against Defendants. (Reply to Opp'n 10:8-11:2.)

Rule 54(b) "states that a district court can modify an interlocutory order 'at any time' before entry of a final judgment, and [the Ninth Circuit has] long recognized 'the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory.'" Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1124 (9th Cir. 2005). "To succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hansen v. Schubert, 459 F. Supp. 2d 973, 998 (E.D. Cal. 2006).

Plaintiffs argue the August 24 Order should be revised because Defendants "obtained [it] through a fraud upon the Court." (Mot. 1:5-6.) Plaintiffs contend "Defendants committed fraud on the court by misrepresenting (1) the existence of [Big Table] agreements signed by CRI for Laurie Wolf, Steven Newell, and Marilyn Newell, (2) the date or period of time when CRI signed Dee Berman's Big Table agreement, (3) the date or period of time when LOL created and/or signed LOL's resolution assuming CRI's liabilities." Id. 9:25-28. Plaintiffs contend "these

2

1  misrepresentations result from defendant's [sic] production of documents
2  attached to the Reply that were crucial to the court's holding[.]" Id.
3  9:28-10:2. Plaintiffs "request that defendants [be] ordered to produce
4  the original LOL corporate resolution as well as any copy used . . . as
5  an exhibit." Id. 2:22-25. Plaintiffs "also request the defendants
6  produce for inspection and testing the original, and any copy used as an
7  exhibit, of the [Big Table] contract for Delores Berman[.]" Id. 3:6-8.
8  　　　Defendants counter that Plaintiffs rely on "'suspicion' and
9  speculation as a basis to accuse defendants of committing a 'fraud' upon
10 the Court[,]" and argue that speculation concerning what "evidence *might*
11 be discovered in the future" does not justify reconsideration of the
12 August 24 Order. (Opp'n 4:6-8, 8:4-6). Defendants also argue "a motion
13 for reconsideration cannot be used to rehash arguments that were already
14 presented to the Court" and "Plaintiffs did present their 'suspicions'
15 to the Court in connection with the prior motion, as part of their
16 supplemental brief." Id. 9:6-7; 5:12-13.
17 　　　"Motions to reconsider are . . . not vehicles permitting the
18 unsuccessful party to rehash arguments previously presented." Cachil
19 Dehe Band of Wintun Indians of Colusa Indian Community v. California,
20 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (internal quotation marks
21 omitted). Plaintiffs previously argued in a supplemental brief they
22 filed before the August 24 Order issued that they "should be allowed to
23 examine the original agreements and ask discovery questions about their
24 formation[.]" (ECF No. 35, 7:16-22.) These objections were overruled
25 because Plaintiffs failed to show why the evidence should not be
26 considered. (ECF No. 37, 7:4-6.) Plaintiffs' current arguments reiterate
27 and expand on those previously overruled arguments. However, Plaintiffs
28 have not set forth "facts . . . of a strongly convincing nature to

induce the court to reverse its prior decision." <u>Hansen</u>, 459 F. Supp. 2d at 998. All Plaintiffs have offered are suspicions. Therefore, Plaintiffs' motion to revise the August 24 Order is denied.

Further, Defendants are not entitled to Rule 11 sanctions since they failed to satisfy the procedures applicable to sanctions under the rule, and Plaintiffs' Rule 11 sanctions motion is denied because sufficient reason has not been provided justifying a sanction.

For the stated reasons each motion is DENIED.

Dated: March 28, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

4