IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRADY HEATH, THERESA HEATH, TAMSCO PROPERTIES, LLC, JKR LASER INVESTMENT, LLC, SURFER BEACH, LLC, and TO BE DETERMINED, LLC, | ) ) ) ) ) ) | 2:09-cv-03086-GEB-EFB |
| Plaintiffs, | ) ) | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAYING PROCEEDINGS PENDING ARBITRATION* |
| v. | ) ) | |
| LORAL LANGEMEIER and, LIVE OUT LOUD, INC., | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

        Defendants Loral Langemeier ("Langemeier") and Live Out Loud, Inc. ("LOL") (collectively, "Defendants") filed a motion for an order compelling Plaintiffs Brady Heath and Theresa Heath (collectively, the "Heaths") to arbitrate under 9 U.S.C. § 4 and for an order staying the remainder of this litigation pending arbitration. (ECF No. 66.) The Heaths oppose the motion. (ECF No. 67.) For the following reasons, the motion to compel arbitration will be granted and the remainder of this litigation will be stayed pending arbitration.

---

        *    This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

# I. BACKGROUND

## A. Plaintiffs' Allegations and Claims

Plaintiffs attended various investment education events, known as "Big Table" programs, at the Embassy Suites Hotel in South Lake Tahoe, California in May and September 2006, and in January 2007. (Compl. ¶¶ 9, 12-15.) Defendants, and LOL's predecessor in interest Coaching Resources, Inc. ("CRI"), marketed these programs, at which they encouraged Plaintiffs to "invest in various real estate ventures and other investment opportunities." Id. ¶¶ 18-19. Plaintiffs allege Defendants made several misrepresentations when they promoted these "high risk and not safe" investments "in pursuit of their own pecuniary interests." Id. ¶¶ 20, 117. Each Plaintiff alleges a loss of tens or hundreds of thousands of dollars as a result of the investments they made following the Big Table programs. Id. ¶¶ 123, 195, 221, 239, 257.

Plaintiffs allege the following claims in their Complaint: (1) fraud and deceit; (2) aiding and abetting fraud; (3) breach of California Civil Code § 3373; (4) breach of fiduciary duty; (5) violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5; (6) violation of California Corporation Code § 25401; (7) assisting in the violation of California Corporation Code § 25401; (8) violation of California Corporation Code § 25110; (9) assisting in the violation of California Corporation Code § 25110; and (10) violation of California Business and Professions Code §§ 17200, et seq.. Id. ¶¶ 115-144, 189-302.

## B. Previous Motions and Orders

On January 20, 2010, Defendants moved to stay this action pending arbitration under 9 U.S.C. § 3. (ECF No. 9.) Defendants relied on arbitration clauses in Big Table Agreements signed by five Plaintiffs. (ECF No. 10.) In an Order filed August 24, 2010 ("August 24

Order"), the Court determined that the five Big Table Agreements that were signed by Plaintiffs Laurie Wolf, Delores Berman, Kimchi Chow, Steven A. Newell, and Marilyn Cadreau Newell, and Langemeier, on behalf of CRI, were not procedurally or substantively unconscionable. (Order 12:13-14, 14:10-18, ECF No. 37.) Therefore, the action was "stayed under 9 U.S.C. § 3 pending arbitration of Plaintiffs Laurie Wolf, Delores Berman, Kimchi Chow, Steven A. Newell, and Marilyn Cadreau Newell's claims in accordance with the terms of the Big Table Agreements." Id. 16:9-12.

In their motion, Defendants also relied on arbitration clauses in Alumni Agreements signed by six Plaintiffs, including the Heaths. (ECF No. 10.) However, the Court did not consider the agreements to arbitrate in the Alumni Agreements, since Defendants failed to show how the Alumni Agreements relate to the dispute at issue in Plaintiffs' Complaint. (Order 6:9-11, ECF No. 37.)

Plaintiffs then moved under Federal Rule of Civil Procedure ("Rule") 54(b) for revision of the August 24 Order, arguing "defendants committed fraud on the court" when obtaining the August 24 Order. (ECF No. 42.) This motion was denied. (Order 4:2-3, ECF No. 57.)

Subsequently, Plaintiffs voluntarily dismissed Laurie Wolf, Delores Berman, Kimchi Chow, Steven A. Newell, and Marilyn Cadreau Newell, following which the stay was lifted. (ECF Nos. 38, 58-61, 63.) Defendants argue the instant motion to compel arbitration is brought against the Heaths since Defendants have discovered a fully executed copy of the Heaths' Big Table Agreement, which contains an identical arbitration clause to those discussed in the August 24 Order. (Mot. 2:14-21, 3:17-22; Decl. of Langemeier, Ex. C, ECF No. 51.)

///

1

## II. LEGAL STANDARD

2       Plaintiffs argue that "[a]lthough defendants have brought this

3  motion under 9 U.S.C. [§] 4, it is [in] essence a motion for

4  reconsideration[ of the August 24 Order, b]ut the motion fails to

5  present any procedural or substantive grounds for reconsidering this

6  court's previous decision." (Opp'n 2:15-18.) However, Defendants'

7  previous motion sought an order staying the litigation pending

8  arbitration; Defendants have not previously sought to compel arbitration

9  under 9 U.S.C. § 4. Therefore, the current motion does not seek

10  reconsideration of the August 24 Order.

11       Defendants' motion to compel arbitration concerns Section 4 of

12  the Federal Arbitration Act ("FAA") which prescribes:

13            A party aggrieved by the alleged failure, neglect,
             or refusal of another to arbitrate under a written
14            agreement for arbitration may petition any United
             States district court which, save for such
15            agreement, would have jurisdiction . . . for an
             order directing that such arbitration proceed in
16            the manner provided for in such agreement. . . .
             The court shall hear the parties, and upon being
17            satisfied that the making of the agreement for
             arbitration or the failure to comply therewith is
18            not in issue, the court shall make an order
             directing the parties to proceed to arbitration in
19            accordance with the terms of the agreement. . . .
             If the making of the arbitration agreement or the
20            failure, neglect, or refusal to perform the same be
             in issue, the court shall proceed summarily to the
21            trial thereof.

22  9 U.S.C. § 4.

23       A district "court's role under the [FAA] is . . . limited to

24  determining (1) whether a valid agreement to arbitrate exists and, if it

25  does, (2) whether the agreement encompasses the dispute at issue."

26  Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th

27  Cir. 2000) (citations omitted). "If the response is affirmative on both

28

4

counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." Id.

"[A] party who contests the making of a contract containing an arbitration provision cannot be compelled to arbitrate the threshold issue of the existence of an agreement to arbitrate. Only a court can make that decision." Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc., 925 F.2d 1136, 1140-41 (9th Cir. 1991) (footnote omitted).

> Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of a day in court, there should be an express, unequivocal agreement to that effect. If there is doubt as to whether such an agreement exists, the matter, upon a proper and timely demand, should be submitted to a jury. Only when there is no genuine issue of fact concerning the formation of the agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement. The district court, when considering a motion to compel arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties, should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.

Id. at 1141 (quoting Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636 F.2d 51, 54 (3d Cir.1980)). "This standard is . . . recognized as the standard used by district courts in resolving summary judgment motions pursuant to [Rule] 56(c)." Par-Knit Mills, Inc., 636 F.2d at 54 n.9. "An unequivocal denial that the agreement had been made, accompanied by supporting affidavits, . . . in most cases should be sufficient to require a jury determination on whether there had in fact been a 'meeting of the minds.'" Id. at 55 (citations omitted).

### III. DISCUSSION

Defendants rely on the declaration of Langemeier in support of their motion to compel the Heaths to arbitrate; attached to her declaration is a fully executed Big Table Agreement for the Heaths,

which appears to bear the signatures of the Heaths and Langemeier. (Mot. 3:17-22; Decl. of Langemeier Ex. C., ECF No. 51.) Langemeier declares: "[e]veryone who attends a Big Table program signs a Big Table Agreement. . . . A person can only attend a Big Table Agreement if there is a fully signed Big Table Agreement." Id. ¶ 2.

Plaintiffs argue the Heaths "did not sign any agreement with CRI, including the written agreement upon which defendants seek[] to compel arbitration, and they never sent any such agreement to CRI or any one else." (Opp'n 2:1-4.) Plaintiffs submit the declarations of Brady and Theresa Heath in support of their opposition. (ECF Nos. 67-1, 67-2.) Brady Heath declares: "[t]o the best of my recollection I did not sign or send to anyone any written agreement for Loral's Big Table including that agreement reference in the present motion, which I have examined." (Decl. of B. Heath ¶ 2, ECF No. 67-1.) Theresa Heath declares: "[t]o the best of my recollection I did not sign or send to anyone any written agreement for Loral's Big Table including that agreement reference in the present motion, which I have examined. I have a particular recollection of this fact." (Decl. of T. Heath ¶ 2, ECF No. 67-2.)

Plaintiffs argue in their opposition brief that the Heaths did not agree to arbitrate since they did not sign the Big Table Agreement. (Opp'n 4:9-10, 18-21.) However, the Heaths' declarations do not support Plaintiffs' arguments since the Heaths each declare: "[t]o the best of my recollection I did not sign" the Big Table Agreement. (Decl. of B. Heath ¶ 2, Decl. of T. Heath ¶ 2.)

> A declaration expressing that statements are true
> to the best of one's recollection carries with it
> the implication that the affiant does not know
> whether the statements are true and correct and the
> affiant does not wish to be held accountable if
> they are not. While such a phrase ("to the best of
> my recollection") is common speech, it equivocates
> and, therefore, does not meet the requirements of

Rule 56(e) that an affidavit "be made on personal knowledge" and "show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 56(e)'s personal knowledge requirements prevents such statement "from raising genuine issues of fact sufficient to defeat summary judgment."

Wills v. Potter, No. 4:05cv381-WS, 2008 WL 821921, at *11 (N.D. Fla. March 27, 2008) (Mag. decision adopted in full) (quoting Pace v. Capobianco, 283 F.3d 1275, 1278-79 (11th Cir. 2002) ("an affidavit stating only that the affiant 'believes' a certain fact exists is insufficient to defeat summary judgment by creating a genuine issue of fact about the existence of that certain fact"). Therefore, the Heaths declarations are insufficient to create a "genuine issue of fact concerning the formation of the agreement[.]" Three Valleys Mun. Water Dist., 925 F.2d at 1141 (quoting Par-Knit Mills, Inc., 636 F.2d at 55).

Plaintiffs also argue "defendants' motion fails to establish that CRI signed any such agreement." (Opp'n 2:4-5.) However, the Heaths' Big Table Agreement bears Langemeier's signature and she declares: "[e]very Big Table Agreement is countersigned by the entity that runs that Big Table program (CRI or LOL, depending on the vintage of the program)." (Decl. of Langemeier ¶ 2, ECF No. 51.) Plaintiffs' argument does not controvert Defendants' evidence since "mere argument does not establish a genuine issue of material fact[.]" MAI Sys. Corp. v. Peak Computer, Inc., 991 F.2d 511, 518 (9th Cir. 1993). Therefore, there is no genuine issue of fact regarding whether there is a valid agreement to arbitrate.

Plaintiffs do not dispute that the arbitration clause in the Heaths' Big Table Agreement encompasses the dispute at issue. Therefore, Defendants' motion to compel the Heaths to arbitrate is GRANTED.

Since the remaining Plaintiffs all allege the same claims as the Heaths, against the same Defendants, all allegedly arising out of investments made following advice obtained from the Big Table programs in 2006 and January 2007, the interests of economy and efficiency favor staying this entire action. Therefore, this action is STAYED under 9 U.S.C. § 3 pending arbitration of the Heaths' claims in accordance with the Heaths' Big Table Agreement.

Further, the status conference currently scheduled for November 14, 2011, is continued to commence at 9:00 a.m. on February 13, 2012. A joint status report shall be filed fourteen (14) days prior to the status conference, in which the status of the arbitration proceedings shall be explained.

Dated:  August 2, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge