IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
Tamsco Properties, LLC, JKR        )
Laser Investment, LLC, Surfer      )   2:09-cv-3086-GEB-EFB
Beach, LLC, To Be Determined,      )
LLC,                               )
                                   )   ORDER DENYING DEFENDANTS'
              Plaintiffs,          )   MOTIONS*
                                   )
         v.                        )
                                   )
Loral Langemeier, Live Out Loud,   )
Inc.,                              )
                                   )
              Defendants.          )
_____)
```

Defendants seek sanctions under Federal Rule of Civil Procedure ("Rule") 11, arguing that Plaintiffs' counsel violated Rule 11 when he "fil[ed] an unauthorized complaint on behalf of Surfer Beach" and "fil[ed] a complaint on behalf of an entity [(TBD)] that apparently does not exist." (Surfer Beach Mot. 3:10-11; TBD Mot. 2:8-10.) However, the issue of whether Plaintiffs' counsel violated Rule 11 is not reached since Defendants have not shown that they are entitled to a sanction.

Defendants' request for dismissal of Surfer Beach and TBD is denied since "the district court must weigh five factors before imposing [the sanction of] dismissal" and Defendants have not discussed these factors in their briefs. <u>Porter v. Martinez</u>, 941 F.2d 732, 733 (9th Cir. 1991) (citations omitted).

---

\* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

Defendants' request for attorney fees is denied since Defendants have not shown that the fee request is reasonable and "[c]ourts in this circuit require . . . parties to justify the reasonableness of the requested rate or rates and demonstrate that the requested rates are in line with those prevailing in the community" Schultz v. Ichimoto, No. 08-cv-526, 2010 WL 3504781, at *8 (E.D. Cal. Sept. 7, 2010).

Defendants also seek an order severing each Plaintiff's claims into separate actions, arguing "Plaintiffs have improperly bundled together claims that are not part of the same transaction[,] . . . different plaintiffs each sue for different investments, with different entities, in different projects." (Motion to Sever Improperly Joined Claims 2:2-4,  ECF No. 84.) Plaintiffs respond that "[a]ll of the plaintiffs' claims arose from the same transaction or occurrences or a series of both." (Opp'n to Severance 3:1-2.)

Rule 20(a) "permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). "[T]he term 'transaction or occurrence' . . . refer[s] to similarity in the factual background of a claim; claims that arise out of a systematic pattern of events arise from the same transaction or occurrence." Bautista v. Los Angeles County, 216 F.3d 837, 843 (9th Cir. 2000) (citations omitted). In other words, "all 'logically related' events entitling a[n entity] to institute a legal action against another generally are regarded as comprising a transaction or occurrence." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974).

         Each Plaintiff alleges that it invested money through Defendants in reliance on false or misleading statements provided by Defendants at "Big Table" investment seminars held in South Lake Tahoe between May 20-23, 2006, and between September 11-13, and that it suffered damage as a result of the reliance on Defendants' statements. Defendants have not shown that these allegations are not logically related. Therefore, the motion to sever is denied.

Dated:  July 13, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3